## ADDIE McWILLIAMS v. THE STATE.

### No. 4203. Decided October 18, 1916.

**Carrying Pistol—Affidavit—Information—Date of Offense.**

Where the offense was shown to have been committed five days after the filing of the complaint and information, the same is reversible error.

Appeal from the County Court at Law of Dallas.  Tried below before the Hon. T. A. Work.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

*McCutcheon & Church,* for appellant.—Cited Graso v. State, 155 S. W. Rep., 209; Branch, Criminal Law, sec. 275.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of violating the pistol law, her punishment being assessed at thirty days imprisonment in the county jail.

It may be very seriously questioned whether or not the evidence would sustain the conviction on the merits of the testimony, but in view of another proposition this is not discussed inasmuch as the case may be more fully developed should there be another trial.

The case will be reversed for the following reason:  The affidavit charging the offense was made and filed on the 24th of the month. The evidence for the State, there being none for the defendant on this question, shows that the offense was committed on the 29th of the same month, or five days after the filing of the complaint.  The information, of course, follows the allegations of the complaint.  A citizen can not be convicted of an offense until the evidence shows that that offense was committed as charged.  It would not do to hold that an offense committed five days after the complaint is filed could be sustained.  Under our law a citizen can not be convicted for future but for past offenses.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*